September 27, 1979

## 79-72   MEMORANDUM OPINION FOR THE ASSISTANT ATTORNEY GENERAL CRIMINAL DIVISION

### Attorney General—Delegation of Authority— 18 U.S.C. § 2516

This responds to your request for our opinion whether Attorney General Order No. 799-78, signed by former Attorney General Bell on August 15, 1978, and left intact by Attorney General Civiletti, continues in force. The order specially designates—

> the Assistant Attorney[s] General in charge of the Criminal Division * * * the Tax Division, and * * * the Office of Legal Counsel [severally] to exercise the power conferred by Section 2516 of Title 18, United States Code, to authorize applications to a Federal judge of competent jurisdiction for orders authorizing the interception of wire or oral communications by [Federal investigative agencies] * * * .

For the reasons set forth below, it is our opinion that the order remains valid despite the resignation of Mr. Bell.

The relevant language appears at the beginning of § 2516 as follows:

> (1)   The Attorney General, or any Assistant Attorney General specially designated by the Attorney General, may authorize an application to a Federal judge of competent jurisdiction * * * .

This language cannot reasonably be construed to limit the life of a designation to the period of incumbency of the Attorney General who made it. Moreover, the legislative history of Pub. L. No. 90-351, Title III, 82 Stat. 197, 211, approved June 19, 1968, by which § 2516 was enacted, reveals nothing to indicate that Congress considered this point. Thus, § 2516, standing alone, does not compel Attorney General Civiletti, who is satisfied with the designations of his predecessor in office, to issue an order of his own to preserve them. Nor can such a requirement be found in administrative custom or judicial precedent. To the contrary, both confirm that lawful delegations of authority survive the particular officer making the delegation.

381

It is axiomatic that in the absence of a limiting provision of law or a limiting provision within the delegation itself, a valid delegation of authority or other rule or regulation continues in force until revoked by someone with authority to revoke it, and accordingly continues without regard to the departures from office of its originator and intervening successors.[1]

The reason for adherence to the principle was well stated in a case involving this Department and presenting essentially the same question you have posed, *United States* v. *Morton Salt Co. et al.,* 216 F. Supp. 250, 255–256 (D.C. Minn. 1962), *aff'd,* 382 U.S. 44 (1965). There the Acting Deputy Attorney General, who, on January 5, 1961, gave departmental attorneys an authorization to appear before a grand jury, was replaced by an incoming Deputy Attorney General on January 21, 1961. The authorization of January 5 was not filed with the grand jury until February 20, 1961. The defendants asserted that it was ineffective because the person who issued it was no longer in office on February 20. The District Court responded as follows:

> This contention is clearly untenable in that it is the authority from the duly designated official in the office of the Attorney General which the statute requires, and if that individual thereafter resigns, dies, or is otherwise separated from his office, the authority to act under the authorization is not terminated. In other words, when a designated official acts within the scope of his authority, the authorization must continue until it is revoked or is otherwise terminated. If this were not true, a change of administration or resignation from office by the official who acted within his authority when the designation was made would create a chaotic condition in the administration of the affairs of the Department of Justice.

*In re Weir,* 520 F. (2d) 662 (C.A. 9th Cir. 1975), produced a similar pronouncement concerning a grant of immunity under 18 U.S.C. § 6003(a) that a District Court had issued a grand jury witness on November 1, 1973, after the Attorney General had authorized it. Following the refusal of the witness to testify at proceedings ensuing from that event, he refused on February 25, 1975, to testify before a new grand jury, contending that the Government should have been required to show that the Department of Justice had again reviewed the matter of the immunity grant. The court held that such action by the Department, which was no longer headed by the Attorney General who had authorized the immunity grant, was not necessary, stating, *id.,* at p. 667:

> The rules and orders of an Attorney General continue to govern the Department of Justice (notwithstanding the advent of new Attorneys General) until they are changed or altered. This is the customary way in which administrative agencies operate.

---

[1]Perhaps the best evidence of the acceptance of this truism of administration is the absence from the *Federal Register* of the myriad of agency orders and notices proclaiming the continuity of procedures, delegations of authority, etc., that would be occasioned by a contrary rule.

Finally, it is pertinent to mention that, while your question was not explicitly in issue in *United States* v. *Nixon,* 413 U.S. 683 (1974), the case involving the validity of the Watergate Special Prosecutor's subpoena *duces tecum* of White House tapes and documents, the Court obliquely passed on it. In the course of discussing the provisions of the charter given the Special Prosecutor by Acting Attorney General Bork on November 2, 1973, 38 F.R. 30739, as amended on November 19, 1973, 38 F.R. 32805, the Court said, "So long as this regulation is extant it has the force of law." 418 U.S., at 695. Since the Special Prosecutor's subpoena was served on April 27, 1974, and Attorney General Saxbe, who took over from the Acting Attorney General on January 4, 1974, did not reissue or amend the charter, the quoted sentence evidences the Court's understanding that the change in office had no effect on its validity.

Administrative practice and judicial expressions are but a reflection of common sense and compel our conclusion that former Attorney General Bell's Order No. 799–78 making designations under 18 U.S.C. § 2516 remains in effect.

JOHN M. HARMON
*Assistant Attorney General*
*Office of Legal Counsel*